Filed 6/30/26  Patricia O. v. Jensen CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PATRICIA O., | D085651 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 24CU021083N) |
| KORI J. JENSEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Steven J. Berenson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded with directions.

Patricia O., in pro. per., for Plaintiff and Respondent.[1]

Jack J. Fernandes, for Defendant and Appellant.

---

[1]     Patricia did not file an opposing brief, therefore, we " 'decide the appeal on the record, the opening brief, and any oral argument by the appellant' (Cal. Rules of Court, [rule 8.220(a)(2)]), examining the record and reversing only if prejudicial error is shown."  (*Nakamura v. Parke* (2007) 156 Cal.App.4th 327, 334.)

Appellant Kori Jensen appeals from a restraining order granted under the Elder Abuse and Dependent Adult Civil Protection Act (Elder Abuse Act). (Welf. & Inst. Code[2] §§ 15600 et seq; 15607.03.)  The order prohibits Jensen from contacting her mother, 85-year-old Patricia.  Jensen argues she was denied due process when the court denied her request to cross-examine Patricia.  We agree.  We reverse the order and remand the cause to the trial court with directions.

### FACTUAL AND PROCEDURAL HISTORY

In November 2024, Patricia petitioned for an elder abuse restraining order against her adult daughter, Jensen.

In support of her petition, Patricia declared that Jensen abused her, and Patricia was afraid for her safety.  Patricia stated she went on vacation for a week in late October.  During that time, Jensen let two of her boyfriend's sisters, Leslie and Cindy Adam,[3] enter Patricia's home without Patricia's permission.  Patricia found Leslie and Cindy in her house when she returned from vacation and called the police.  The police removed Leslie and Cindy on November 3.  On November 5, using a key to the house made without Patricia's knowledge or permission, Jensen entered the house again with Leslie and Cindy.  When Patricia tried to stop them from coming inside, Jensen pushed Patricia.  Jensen had a remote control in her hand and raised it as if to hit Patricia.  Patricia was afraid Jensen would strike her, so

---

[2]    All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[3]    Because Leslie and Cindy share the same last name, we will use first names for clarity.  No disrespect is intended.  (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 573, fn. 1)  To be clear, the disputed order does not attempt to restrain Cindy or Leslie.

Patricia ran into her room and locked the door. Jensen followed Patricia and threatened to kick the door down. Patricia ran away from her house, requesting the restraining order the next day. Patricia also alleged two years prior to this incident, Jensen hit Patricia on the back of the head with enough force to knock her to the ground.

Jensen filed her own declaration in response to Patricia's. Jensen declared the house claimed by Patricia belonged to A.M.[4], who still lives in the house. But Patricia quitclaimed the house to herself using a Power of Attorney that A.M. gave to Patricia and Jensen. In Jensen's view, both Patricia and A.M. suffer from deteriorating cognitive function. Jensen stated Patricia lives in Mexico, only visiting periodically. Leslie and Cindy are A.M.'s primary caregivers who had lived in the residence with A.M. for over a year. Jensen alleged that on November 4, Patricia locked Leslie and Cindy out of the house. Jensen confirmed the police were called but disputed that the police removed Leslie and Cindy from the home. Instead, Jensen contends they left for their own safety, alleging Patricia physically shoved Cindy. A.M. also left the house. On November 5, Cindy, Leslie, Jensen, and A.M. returned to the residence and Patricia tried to grab the house keys from Jensen as she escorted A.M. to A.M.'s bedroom. Then Patricia tried to grab the television remote from Jensen when Jensen turned on A.M.'s television. Jensen held the remote up out of Patricia's reach, telling her "NO." Jensen confirmed that Patricia left the home at some point and denied that she ever threatened or hit Patricia.

---

[4]   A.M. is a "mutual family friend."

The trial court held an evidentiary hearing on Patricia's request for the restraining order. According to a settled statement,[5] Patricia felt "harassed and emotionally distressed" by Jensen's involvement in A.M.'s affairs. Patricia was also upset by Jensen's unannounced visits. The settled statement reflected "[n]o independent witnesses, police reports, or documentary evidence were submitted by [Patricia] in support of her claims" and that Patricia "acknowledged there were no threats or physical violence."

Jensen asked to cross-examine Patricia, but the court "declined to permit direct questioning." "Based on [Jensen's] demeanor during the hearing, the [c]ourt determined that allowing [Jensen] to cross-examine the 85 year-old [Patricia] would cause harm to [Patricia] and would not likely result in probative evidence being provided to the Court."

Jensen testified her alleged conduct with Patricia was justified by Jensen's concern for A.M.'s health and safety. Jensen presented a witness who testified Jensen was a calm person, respectful, and nonthreatening.

The court issued the restraining order, which Jensen timely appealed.

DISCUSSION

Jensen asserts the conduct alleged better fits the definition of "harassment" applicable to civil harassment restraining orders, and thus, Patricia's request for a restraining order should be analyzed under the

---

5    Following Jensen's initial proposed settled statement, the trial court ordered Jensen to modify it, adding further explanation. Jensen complied but disputes the factual accuracy of the trial court's additions. However, as the party asserting error, this point is waived because Jensen failed to provide any legal authority for her argument. " 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

4

statutory framework for those orders as opposed to the framework for an elder abuse restraining order. Applying this different statutory framework, Jensen argues (1) there was insufficient evidence to support a civil harassment restraining order and (2) the statute required the court to receive relevant testimony. This argument asks us to reclassify Patricia's elder abuse restraining order as a civil harassment restraining order and to apply Code of Civil Procedure section 527.6 accordingly. We have neither the authority nor reason to do this recognizing "[t]he Elder Abuse Act . . . permit[s] issuance of protective orders on a different, broader basis than permitted under Code of Civil Procedure section[ ] 527.6." (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137 (*Gdowski*).) Reviewing the evidence under the Elder Abuse Act, we conclude the court's order was supported by sufficient evidence. But we agree the court's denial of Jensen's request to cross-examine Patricia violated Jensen's constitutional right to due process and reverse on that ground. Because we order a new hearing, we need not determine Jensen's other contentions as they are moot.[6] (*Schoshinski v. City of Los Angeles* (2017) 9 Cal.App.5th 780, 791.)

I. *Sufficiency of the evidence*

Jensen contends the court's order should be reversed because it is not supported by substantial evidence. We disagree, applying the applicable statutory framework for elder abuse restraining orders. (See § 15600 et seq.)

We review the issuance of an elder abuse restraining order for abuse of discretion. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137 (*Bookout*).) We examine the factual findings needed to support such an order for

---

[6]    Jensen additionally asserted the court erred in its application of the law and when it denied a witness's testimony as "cumulative."

5

substantial evidence. (*Ibid*.) We resolve any evidentiary conflicts in favor of the prevailing party and "indulge all legitimate and reasonable inferences in favor of upholding the trial court's findings." (*Id*. at pp. 1137–1138.) "[W]e will only find an abuse of discretion when the trial court exceeds the bounds of reason or disregards the uncontradicted evidence." (*Id*. at p. 1140.)

The level of proof required to issue an elder abuse restraining order is a preponderance of the evidence. (*White v. Wear* (2022) 76 Cal.App.5th 24, 35.) The trial court may issue an elder abuse restraining order " 'for the purpose of preventing a recurrence of abuse, if an affidavit shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse of the petitioning elder.' " (*Bookout, supra*, 155 Cal.App.4th at pp. 1140–1141.) While the order is issued to prevent future abuse, the petitioner is not required to make "any particularized showing that the wrongful acts will be continued or repeated." (*Gdowski, supra*, 175 Cal.App.4th at p. 137.)

"An 'elder' is defined as a California resident, age 65 years or older. (§ 15610.27.) 'Abuse of an elder' is defined as '[p]hysical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering.' (§ 15610.07, subd. (a).) . . . 'Mental suffering' is defined as 'fear, agitation, confusion, severe depression, or other forms of serious emotional distress that is brought about by forms of intimidating behavior, threats, [or] harassment … .' (§ 15610.53.)" (*Bookout, supra*, 155 Cal.App.4th at p. 1141.)

Patricia qualified for protection as an "elder" under the Elder Abuse Act because Patricia declared she was an 85-year-old who lived in California. Viewing the evidence in the light most favorable to Patricia, there is substantial evidence to support the court's finding of abuse given the evidence before it. Patricia declared that Jensen caused her physical abuse

6

and mental suffering. Jensen entered Patricia's home with unwelcome individuals. Jensen pushed Patricia, raised the remote as if to strike her, followed Patricia, and threatened to kick her door down. Moreover, two years prior, Jensen hit Patricia in the back of her head with enough force to knock Patricia to the ground. These actions caused Patricia to feel "harassed and emotionally distressed."

Jensen argues Patricia "abandoned" the claims of physical violence by testifying at the hearing that "there were no threats or physical violence." However, the summary of the oral proceedings makes it unclear whether Patricia meant there were no current threats or physical violence, or none in the past.[7] And to the extent there is any discrepancy in the evidence, we resolve all conflicts in the evidence in favor of the judgment. (*Bookout, supra*, 155 Cal.App.4th at pp. 1137–1138.) Doing so, we conclude on this record the court's findings are supported by substantial evidence, and the court did not abuse its discretion.

## II. *Error to deny cross-examination*

Despite finding that substantial evidence supports the court's findings, we agree with Jensen that the court erred when it denied Jensen's request to cross-examine Patricia, and on this record, we cannot conclude this error was harmless.

### A. *Standard of review*

"We review procedural due process claims de novo because 'the ultimate determination of procedural fairness amounts to a question of law.' " (*In re Jonathan V.* (2018) 19 Cal.App.5th 236, 241.)

---

[7] The Elder Abuse Act requires only "a showing of past abuse." (*Gdowski, supra*, 175 Cal.App.4th at p. 137.)

*B.     Right to cross-examination*

The due process clauses of the state and federal constitutions guarantee the right to confront and cross-examine witnesses in civil proceedings where there is a threat to life, liberty or property. (*San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 574; *August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 60.) As such, the right to cross-examination generally applies to restraining order proceedings. (See e.g. *CSV Hospitality Management LLC v. Lucas* (2022) 84 Cal.App.5th 117, 124–125 (*CSV*) [workplace violence restraining order]; *Mountain View Police Dept. v. Krepchin* (2024) 106 Cal.App.5th 480, 510 [gun violence restraining order]; *Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 731–733 (*Schraer*) [civil harassment restraining order].)

In *Schraer*, the court explained restraining order hearings are "the only forum the defendant . . . will have to present his or her case" and limiting the defendant's right to present evidence and cross-examine risks denying the defendant's due process rights. (*Schraer, supra*, 207 Cal.App.3d at pp. 732–733.) While *Schraer* noted this about civil harassment restraining order hearings, the same is true of elder abuse restraining order hearings. (See *id*.; § 15657.03.) Thus, we conclude the right to cross-examination extends to civil proceedings for elder abuse restraining orders.

*C.     Denial of cross-examination*

Recognizing the right to cross-examination applies, we note that " '[n]ot every instance in which a cross-examiner's question is disallowed will [the] defendant's right to a fair hearing be abridged, since the matter may be too unimportant [citations], or there may be no prejudice [citation], or the question may involve issues which can be brought up at a more appropriate time [citation]. However, where the subject of cross-examination concerns

8

the matter at issue there can be no doubt that the refusal to permit such question[ing] results in a denial of a fair hearing.' " (*McCarthy v. Mobile Cranes, Inc.* (1962) 199 Cal.App.2d 500, 507.)

Patricia testified she "felt harassed and emotionally distressed" by Jensen's unannounced visits and interference in A.M.'s affairs. Meanwhile, Jensen's testimony and written response to Patricia's petition highlighted her contentions that Patricia did not live in California, was experiencing deteriorating cognitive function, and taking advantage of A.M., using the restraining order request to prevent Jensen from witnessing that abuse. If cross-examination had been permitted, Jensen could have asked Patricia about her residential status, given that the Elder Abuse Act only applies to "any person residing in [California], 65 years of age or older." (§ 15610.27.) Furthermore, Jensen could have asked Patricia questions regarding any deterioration of her perception or memory and whether she had any motive to lie. Because this cross-examination would have concerned the matter at issue, it was error to deny Jensen's request for cross-examination.

We acknowledge the court was concerned that Jensen's cross-examination would be damaging to Patricia, who was 85 years old at the time. The court is required to protect witnesses from undue harassment but there are ways to accomplish this short of depriving a defendant of due process. (See Evid. Code, § 765, subd. (a).) For example, given the court's concern, the court had discretion to require that the cross-examination be directed to Patricia through the court in place of Jensen. (See *id.*, at subd. (b).) This could have given effect to Jensen's right to cross-examination while simultaneously guarding against the issues the court perceived. Instead, the complete denial of Jensen's request to cross-examine Patricia was erroneous.

9

The complete denial of cross-examination is generally found to be prejudicial error.  In *CSV*, the court explained reversal was required where cross-examination was denied in total because the court "cannot know what [the witness] would have said on cross-examination, or the effect such testimony might have had on the trial court's decision."  (*CSV, supra*, 84 Cal.App.5th at p. 125.)  Similarly, in *Dole Bakersfield v. Workers' Comp. Appeals Bd.* (1998) 64 Cal.App.4th 1273 (*Dole*), the court reasoned the total denial of cross-examination was not harmless because it could not determine whether it would have had a bearing on the outcome.  (*Dole*, at pp. 1277–1278.)  Likewise, we cannot determine if this error is harmless because we cannot know what Patricia would have said had the court permitted cross-examination as managed by the court.  Thus, the error is prejudicial and we reverse the order.

We note the fact that Jensen was permitted to provide direct evidence is not a substitute for cross-examination.  "[T]he right of cross-examination . . . exists, and ought to exist, in great latitude, for it is the only effectual shield against perjury, and the only sure means of eliciting the whole truth." (*Jackson v. Feather River & Gibsonville Water Co.* (1859) 14 Cal. 18, 24.)

## DISPOSITION

The order granting the restraining order is reversed. The trial court is directed to hold a new hearing within 30 days after issuance of this court's remittitur. The restraining order shall remain in force until the conclusion of the new hearing or 30 days after issuance of the remittitur, should no hearing be scheduled or take place. Because respondent did not appear on appeal, neither party shall recover costs. (Cal. Rules of Court, rule 8.278(a)(5).)


RUBIN, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

11